Case No. 25-5081, United States of America v. Deldrick Spence Oral Argument not to exceed 15 minutes per side Ms. Berente for the appellate May it please the court, good afternoon. Casey Berente on behalf of the appellate Mr. Spence. I'd like to reserve three minutes for rebuttal. Very well. Thank you. This afternoon I'd like to focus on the second issue presented in the supplemental brief, Mr. Spence's unknowing waiver of his right to counsel during the revocation proceedings. This court has held in United States v. Johnson that the waiver of the right to counsel will be valid as long as the district court's questions of the defendant cover or substantially cover the model inquiry questions and cover the categories of the defendant's familiarity with the law, the gravity of the charges, and the dangers of self-representation. Here, the district court undoubtedly did cover the gravity of the charges with Mr. Spence. Unfortunately, though, the district court did not warn Mr. Spence of the gravity or the dangers of self-representation. So Johnson's a Sixth Amendment case? Yes, Your Honor. So you don't see any reason why we'd have a different standard in a non-Sixth Amendment context? Your Honor, I would argue that there really is no difference between the statutory right to counsel here and the Sixth Amendment right to counsel. That is because the statutory right to counsel is based on the Sixth Amendment right to counsel. It is based on the Federal Rule of Criminal Procedure 32.1, which incorporates all of the Sixth Amendment rights to a full defense, which is the right to notice, the rights to confrontation as justice allows, the right to compulsory process, and the right to assistance of counsel. So if it's based on the Sixth Amendment right to counsel, then there really is no distinction between whether it's a constitutional right... Don't most courts say the opposite? Don't most courts say there is a difference? You're right, Your Honor. A lot of the circuits have determined that it's a due process right rather than a Sixth Amendment right. But when we look at those cases, they all come to the same conclusion or understanding, whether or not an individual's waiver of the right to counsel is knowing, involuntary, and intelligent. That's the same standard that we hold for the Sixth Amendment right to counsel. Is it all the same? I forget, is it FRERETA? What's the checklist? FRERETA? You want all the same questions in this context as you want in the Sixth Amendment context? Your Honor, I don't think that we need magic words per se, but I do think that we need to make sure that those three categories are covered. You know, make sure that the judge covers these questions so the defendant's familiarity with the law is covered. Why wouldn't we just take the same test and apply it over? If you're saying that constitutional and statutory rights are the same, if we have a checklist for Sixth Amendment purposes, why wouldn't we use the exact same checklist here? Your Honor, that would be the easiest, right? I think that would be the most commendable thing to do because that's what's going to happen. Anyways, if we use a totality of... If you start moving away from that standard, it feels like you're moving away from the constitutional standard. Correct, because if we use a totality of circumstances as the government would like us to do, it's still looking at the colloquy which is based on this model inquiry and whether or not this is sufficient enough to get to a knowing and intelligent waiver of the right to counsel. And the model inquiry is just a baseline. We're not asking judges to go checklist by checklist to make sure that they're actually asking whatever is in this bench book. Why wouldn't you? You're saying the right's the same. I'm sorry. I'm just saying, aren't you really, though? Because if we looked at that as a checklist, the district judge here, I don't know what number, but he certainly did the vast majority of them exactly the same. A minute ago, you had said there were three categories, I believe. And again, in aggregate, he certainly addressed each of those three. Your argument is he didn't exactly hit one or two of the points. Isn't that the charge against the district judge? Your Honor, I would argue that he only addressed one category. He'd never addressed whether or not Mr. Spence had any familiarity with the law, and he never warned Mr. Spence against representing him. You're calling the three categories familiarity with the law, gravity of the charges, and which is the third one then? The dangers of self-representation, that is what this court has held. So I would rather have district court judges just go through the model inquiry, but this court has held that as long as the questions are substantially similar to the model inquiry, that's okay. So as long as that is the precedent that is doable or makes the most sense for the circuit or for district court judges who might not have a bench book at their hand but are aware of what questions that they need to cover or these categories that they need to cover with defendants who are wishing to proceed pro se, I think that that is most practical in these circumstances. I think, too, when it comes to these revocation proceedings, that there is no difference between criminal proceedings and revocation proceedings. They are the same thing. When we have these Supreme Court cases from the 70s, Morris E.V. Brewer and the Scarpelli case that said, you know, the right to counsel or the constitutional right to counsel was not necessary at that time because parole was in effect. And at that time, those proceedings were inherently administrative. They weren't conducted by courts. They were conducted mostly by bodies of lay people. They were informal. They're just nothing like what we see today, which are inherently adversarial proceedings that do require the assistance of counsel and therefore do need an individual to have at least these questions covered with them by a district court judge, especially this admonishment of the dangers of the self-representation. If there's anything that an individual will understand, it is an admonishment from the district court judge that they believe they should not proceed without representation. They are better off served with the retained or appointed counsel. Your client is not unfamiliar with the court system, so it certainly had experiences where you've been represented by counsel. Does that matter at all? I think it does, Your Honor. I think it matters because he had, at this point, I believe he faced two prior revocations. But at those proceedings, he was represented by counsel. So this was an outlier. He was not familiar with representing himself. He had never represented himself before. He was familiar with what it was like to be represented. Correct, Your Honor. He knew all those things from experience. Right, but he was not. He opted against it. Correct, Your Honor. But he was not familiar with the law. He was not familiar with how dangerous it was to actually represent himself. I thought that was the first of the three that you said he did do, was dangers of self-representation. I was about to go on to familiarity with the law. Your Honor, I think the district court just covered the gravity of the charges with him pretty well during the motion hearing. That's the second of your three categories, and I thought you were attacking that one as well. I could still attack that. Arguably, the district court never covered the fact that Mr. Spence was facing the potential of a consecutive sentence because he also was facing. Did he not tell him? No, he did not, Your Honor. He also wasn't told that he was facing mandatory revocation based on the nature of the violations. He wasn't told that he could present mitigating evidence at his revocation. So you're saying that the district court did not explain the possible sentences? He did explain the guideline range and his statutory max that he was facing. All right. And he didn't get anything outside of those ranges, did he? No, Your Honor. He got the statutory max, the 24 months.  So, I mean, he did explain what he was facing, and he not only was facing it, it's what he got, but it wasn't outside what was explained to him. Your third one was familiarity with the law, and, I mean, I thought that the question was asked and the person explained that he was not that familiar with the law, but then he went into the question of what he had seen before. So what should he have asked him that he didn't about familiarity with the law? Your Honor, he could have asked him if he had ever studied law or if he had ever represented himself before or had represented others, if he was familiar with the federal rules of criminal procedure or that the federal rules of evidence would not apply to his proceedings. No indication, though, that the judge believed any of that in terms of he didn't think that he had studied law. Your Honor, no. I don't think it matters what the judge believed. I know the judge knew that he had not studied law, but it matters what Mr. Spence knew, and having these questions with the judge helps Mr. Spence understand the dangers of self-representation and his lack of knowledge when it comes to these legal proceedings and that he would be better off. So these questions are not for the benefit of the judge to learn. They're like a Socratic method almost. It's for the answerer to come to knowledge. That's what we would hope, Your Honor, yes. If there are no further questions, I would concede my time. You're advocating for a de novo standard of review, not abuse of discretion? De novo review, Your Honor, especially when it comes to the waiver of the right to counsel. We have a pro se defendant who is not going to be able to advocate that this was an error for the questions that the district court asked of him. Do most circuits apply abuse of discretion? When it comes to the revocation context, yes, Your Honor. You're really asking us to swim upstream on two issues. I'm asking you to do what is the most practical and what we are already seeing in reality here. Defendants are already told they have a constitutional right to counsel in revocation context. Thank you. Thank you. Good afternoon, Your Honor, and may it please the court. Amanda Wong on behalf of the United States. I'm happy to answer any questions that the court has on the other two issues, but since counsel focused on the issue of the waiver of counsel, that's where I will begin. To start just with a few factual clarifications, the district court did review, for example, I think that was brought up by Judge Boggs, but the court did review the defendant's lack of legal education and acknowledged that the defendant lacked a legal background and only had a GED. The defendant confirmed that that was correct. In terms of the educational factor, I think that was explicitly covered by the district court. The district court also covered the standards of proof, the burden of proof, what the defendant would have to do without his counsel, again, the lack of education that he had, as well as the maximum penalties and the guideline penalties that he was facing. Although it's correct that the court didn't explicitly advise the defendant that it would be ill-advised to proceed without counsel, that sentiment was conveyed in the seven-page colloquy between the court and the defendant. It doesn't have to be an explicit statement or magic words that I think counsel conceded. Of course, to kind of back up and start at the very beginning, the right to counsel here in the supervised release proceeding context is quite different than the right to counsel at trial because, of course, as this court has already held in published cases, the Sixth Amendment does not apply. Instead, that right is coming from Federal Rule of Criminal Procedure 32.1. That criminal rule of procedure, courts have said, including this court in an unpublished case, really is attempting to codify what the Supreme Court was talking about in Scarpelli and some other related cases, and that's really about due process, not a Sixth Amendment right to counsel, and it's treated very differently. Why? Because the Supreme Court said in Scarpelli that the right to counsel is vested in the sound discretion of the, in that case, parole board and proceeding, and what courts have said when they're interpreting Rule 32.1 is that really carries over because Rule 32.1 does not provide a defendant with the right to proceed, per se. It only provides the defendant with the right to proceed with counsel. And so the waiver of that right and the desire to proceed, per se, is really vested in the sound discretion of the district court. How is that different than the Sixth Amendment? It's different because the supervised release context is always different, and the right is stemming from due process. I know. I get the words, due process and Sixth Amendment. As a practical matter? Yes. I mean, in both cases, you have a right to counsel. Right. In both cases, you have to be advised about a number of things before you give up that very important right. That's correct, Your Honor. Why would we have different tests, I guess? Well, this court has applied a different test in the Hoyle case, which was set in our brief for a different point, but Hoyle addressed the right to a hearing under Federal Criminal Procedure 32.1, and in that case, this court applied the totality of circumstances test. So as a matter of precedent, it would be a little bit odd for the court here to say, in the context of a hearing that stems from the same rule, Federal Rule of Criminal Procedure 32.1, and the right to counsel, which is also in that rule, we're going to treat them quite differently under the rule. And so the court has already applied the totality of circumstances test to this rule, and so it would be a bit odd. It's a different feature of the rule. That's true, Your Honor. I mean, right to counsel is just kind of a well-understood concept, I guess, after all the Supreme Court cases defining it, I mean, to some degree. I appreciate it. I hear what you're saying. Consistency makes sense. But this is a pretty well-established right that we have a lot of law on. There's a whole checklist, in fact. It would be easiest to take it. That checklist is specifically tethered to the Sixth Amendment. And, again, it's tethered to the fact that the Supreme Court and this court have said that it's not only the right to be represented by counsel, but it's the right to represent yourself. And Rule 35.1 does not give you that same right. I mean, I understand it's sort of the opposite side of a coin, but it is a little bit different because it's not explicitly stated and it's not constitutional to the extent there's some constitutional element at play. It's a due process. And that's just a very different consideration than when you're talking about a Sixth Amendment right to counsel and the gravity of trial versus this supervised release context. And that's no different than many of the other rights and processes that occur in the supervised release context. You know, there's a different standard of burden of proof. There is no rules of evidence applying and so forth. So the supervised release proceeding has always been treated differently. It's no surprise that there's a little bit less of a standard when we're talking about the right to counsel in the supervised release context. One other point, just to address something that was brought up by, discussed by opposing counsel. Under the totality of circumstances test, we believe that the court can look to information outside the specific colloquy itself. And here, there are other facts that show that the defendant's waiver was knowing and voluntary. I think this was alluded to in the other argument, but this was not Mr. Spence's first rodeo. It was his third revocation proceeding. And so he knew and had experience with what revocation proceedings entailed, and thus he knew what he would have to do when representing himself. Moreover, both defense counsel and the prosecutor confirmed with the district court that they believed the waiver was knowing and voluntary after hearing the colloquy. And the defense attorney, after having filed a motion that explicitly said that the defendant unequivocally desired to represent himself. So there are some other facts, not only the defendant's familiarity with the criminal justice proceeding, but specifically with revocation proceedings in the very court that he was going to appear before. The only other factual clarification I wanted to point out, I don't think it came up this morning, but in the briefing, one of the arguments was that the defendant did a poor job at his supervised release proceeding, and therefore, perhaps his waiver wasn't knowing and voluntary. And although he may have focused on one legal argument, and that may have been a part of why he wanted to represent himself, I think it's worth pointing out, because I'm not sure it was clear from our brief, but Mr. Spence was actually able to cross-examine the probation officer at the supervised release proceeding. There was an alleged violation that he had failed to report, and Mr. Spence was able to cross-examine him successfully and show that he had sent a text message to the probation officer. The court didn't actually find that that violation occurred, and so he was only adjudicated guilty of the three violations, and that last one was omitted. So he was successful at representing himself to a degree, and did make an attempt to represent himself, although that's not a major factor. It, I think, is something that the court can consider under the totality of the circumstances. If the court has no further questions, we would respectfully request that this court affirm. Thank you. Your Honor, briefly, just to respond to Mr. Spence's poor presentation at the revocation proceedings, it was only brought up in briefing just to demonstrate how prejudicial it was of his unknowing waiver, not to show that he did a poor job because he was, or to take pity on him because of his poor performance. It was to show his unknowing waiver, his unfamiliarity with the law, and how prejudicial it was to him. During the proceedings, you can look at the record itself, he conceded to a lot of the government's evidence and did not understand that he could present mitigating evidence on his own behalf. Also, to briefly address a couple other points, I wanted to point out that Scarpelli never did foreclose the right to counsel. During that case, it was important to the Supreme Court to note the potential cost to the states if he were to recognize the right to counsel at that time. Obviously, today, we don't have to worry about that because it's been codified. And so I think that's something that we need to consider is that we've already codified this right. This is something that's already been taken into consideration. I think, well, also, the practical ramifications of treating the right to counsel differently from the statutory right to the Sixth Amendment right is how do we address ineffective claims then? Are we telling defendants that they don't have the right to constitutionally effective counsel at revocation proceedings? Or are we telling defendants that they do have the right to constitutionally effective counsel at any proceeding in which the deprivation of their loss of liberty is at issue? Because that is ultimately what is most important in these proceedings, is that they are facing incarceration. They are facing the ultimate or most serious deprivation of liberty. If there are no further questions, thank you, Your Honors. Thank you, Counsel. Thank you. We'll take the case under submission and the clerk may adjourn the court.